

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

ENTERED
11/17/2009

| | | |
|---|---|---|
| IN RE: | § | |
| ALICIA MARTINEZ CASTILLO | § | CASE NO: 08-50167 |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |
| | § | |
| ELEAZAR RAMOS, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 09-5005 |
| | § | |
| ALICIA MARTINEZ CASTILLO | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION
## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## REGARDING SUMMARY JUDGMENT

In this adversary proceeding, Plaintiffs seek a determination of the effect of Debtor's having listed certain real property and claims in her bankruptcy schedules and Plaintiffs seek a determination of Debtor's right to bring certain claims and actions under state law and under the Bankruptcy Code. By separate final judgment issued this date, the Court grants relief to the extent of clarifying the Court's record and clarifying the interpretation of the Court's order confirming Debtor's chapter 13 plan. The Court also enjoins prosecution of a state court lawsuit that violates Bankruptcy Code § 362.

### I. FACTS

The facts are substantially undisputed. Plaintiff filed a motion for summary judgment (docket # 17). The Court issued an order reminding Debtor/Defendant that failure to respond to the motion for summary judgment might result in issuance of judgment in favor of Plaintiff. The deadline for a response was November 6, extended by the Court's reminder to November 13.[1] Debtor/Defendant has not filed a response as of November 17.

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment. Fed. R. Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548, 2552 (1986). Fed. R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

---
[1] *See* docket # 18.

Alicia Castillo ("Debtor") transferred a parcel of real property (the "Property") to Carlos and Josefina Castillo. Carlos and Josefina transferred the property to Luis Sanchez and Edgardo Pedraza, who sold a 25% interest to Eleazar Ramos and retained the remaining 75%.

In November, 2007, Alicia Castillo filed suit in state court against Sanchez Pedraza and Ramos, alleging, among other things that Alicia's sale to Carlos and Josephino was a fraudulent transfer, rescindable under Texas law: Cause No. 2007CVQ001983-D2 in the District Court for the 111th Judicial District (the "State Court Lawsuit").

On June 2, 2008, Alicia Castillo (hereafter "Debtor") filed a voluntary bankruptcy petition commencing a case under Chapter 13 of the Bankruptcy Code. Debtor's bankruptcy schedules list the Property as an asset with the following note:

> This properties (sic) were fraudulently conveyed to Carlos Castillo, Debtor's brother-in-law, who is now deceased. Said properties are subjection (sic) to a pending lawsuit in State Court for said reason. Nevertheless, this properties (sic) is also to (sic) a 548 Cause of Action.[2]

Eleazar Ramos, Edgardo Pedraza, or Lius Sanchez were not notified of the filing of the bankruptcy case.[3]  From all the Court can tell, therefore, those individuals learned of the existence of the case on August 29, 2008, when Debtor filed a "suggestion of bankruptcy" in the State Court Lawsuit.[4]  It is not clear when Plaintiffs knew that Debtor's bankruptcy schedules implied that Debtor (or the bankruptcy estate) claimed ownership of the property as a consequence of the bankruptcy case or claimed a right to recover the property under bankruptcy law.

Debtor proposed a chapter 13 plan that proposes to pay all creditors 100% over 5 years. There were no objections to the plan and it was confirmed on November 5, 2008.

On April 22, 2009, Eleazar Ramos, Edgardo Pedraza, and Luis Sanchez ("Plaintiffs") filed this adversary proceeding.  Plaintiff's counsel alleges that Debtor's counsel asserted in state court that the Bankruptcy Court had, effectively, adjudicated the property to Debtor.

---

[2] The Court notes discrepancies in the rest of the information that the Debtor filed in her bankruptcy case. Those discrepancies were not corrected until the eve of the plan confirmation hearing. For example, the Statement of Financial Affairs (SoFA) that Debtor filed on June 18 is incomplete and incorrect. In responding to question 4, Debtor fails to disclose the suit that Debtor referenced in Schedule A of the Bankruptcy Schedules. Debtor filed an amended SoFA on August 29 that is simply false. It states that Debtor was not a party to a lawsuit within one year prior to June 2, 2008. Finally, on August 29 Debtor filed a third SoFA that disclosed the lawsuit. Schedule B of Debtor's bankruptcy schedules is confusing. It first states that the fraudulent conveyance lawsuit has no value, but then states "Debtor is a Plaintiff in a State Court lawsuit, which is pending at this time" and lists the value at $156,760.00.

[3] Admission by Debtor's counsel, transcript of hearing dated August 26, 2009, page 25 lines 9 through 12. That hearing and transcript are hereafter referred to as the August 26 hearing.

[4] Adversary proceeding 09-5001 docket # 8, paragraph 6.

And Debtor's counsel made similar statements in this Court.[5]

1. Paragraph 11 of the Complaint seeks a declaratory judgment (i) that the transfer of the Property is not avoidable or (ii) that recovery may not be had from Plaintiffs. Plaintiffs' also ask the Court (iii) to strike the reference to the Property from the bankruptcy schedules and (iv) to order Debtor to refrain from asserting ownership rights to the property in the bankruptcy case.
2. The "Prayer" of the Complaint states that Plaintiffs seek a judgment rejecting Debtor's avoidance claim.

## II.     CONCLUSIONS OF LAW

A.     Debtor Has No Right to Assert or to Prosecute the Claims Asserted in the State Court Lawsuit

Debtor counsel is correct that when a bankruptcy petition is filed all of Debtor's property ceases to be Debtor's property and becomes property of the estate.  Debtor's counsel is also correct in concluding that the right to prosecute the State Court Lawsuit became property of the estate when Debtor filed the voluntary bankruptcy petition. The remainder of Debtor's counsel's argument is incorrect.  Debtor is simply wrong about property of the estate revesting in the Debtor in this case when the chapter 13 plan was confirmed.

Bankruptcy Code § 1306(b) states:

> Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate. [Emphasis supplied.]

Paragraph 14 of Debtor's confirmed chapter 13 plan provides, in pertinent part:

> **14. Discharge and Vesting of Property.** … Property of the estate shall vest in debtors upon entry of the discharge order. [Emphasis supplied.]

The discharge order has not yet been entered and will not be entered until (and unless) Debtor completes all payments under the plan (or until Debtor is awarded a hardship discharge). That is still 4 years away. Therefore, property of the estate (including the right to prosecute the State Court Lawsuit) vested in the estate, and remains vested in the estate, subject to administration by the trustee and subject to the bankruptcy court orders.

Property of the estate is within the exclusive jurisdiction of the federal district court and its unit the bankruptcy court, 28 USC §§ 1334(e), 151. The Debtor's prosecution of an action seeking to assert an interest in property of the estate is a violation of the bankruptcy automatic stay.[6]  That includes actions taken by counsel for Debtor in the State Court Action.

---

[5] *See* transcript of August 26 hearing.
[6] Bankruptcy Code § 362(a)(3).

B. Confirmation of the Chapter 13 Plan Did Not Adjudicate Title to the Property in Debtor

At the hearing of this matter on August 26, Debtor's counsel argued that confirmation of the chapter 13 plan somehow adjudicated Debtor's entitlement to the Property. The argument was vague, at best. The essence of the contention seemed to be that if a debtor lists property in the bankruptcy schedules, and if the court confirms a chapter 13 plan after the schedules were filed, then a debtor's allegations with respect to property ownership in the schedules is *res judicata* or that other parties are collaterally estopped from contesting those assertions. That contention is so clearly incorrect that the Court finds it difficult to explain.

Confirmation of a chapter 13 plan is a contested matter that merely adjudicates whether debtor's proposed plan meets the requirements of Bankruptcy Code § 1325. Although confirmation of the plan binds the debtor and creditors,[7] there is no statutory provision or rule that would suggest that confirmation of the plan has preclusive effect with respect to claims to ownership of property. In addition, Debtor concedes that Plaintiffs are not creditors and were not notified of the filing of the bankruptcy case or the confirmation hearing.[8] Confirmation of the plan, therefore, has no preclusive effect on Plaintiffs.

Finally, FRBP 7001(1) provides that a proceeding to recovery money or property (which would include an Avoidance Action) must be brought as an adversary proceeding. FRBP 7001(2) provides that all proceedings to adjudicate an interest in property must be brought as an adversary proceeding. Adversary proceedings involve greater formality than contested matters. Summons and complaint are required. An adversary proceeding requires all the formality of a civil action in district court. Confirmation of a chapter 13 plan is a contested matter, not an adversary proceeding. It could not adjudicate any of the claims raised in the State Court Lawsuit.

C. Attorney's Fees and Costs

Plaintiff's ask for attorneys' fees and costs. While Debtor's counsel has argued law for which he has no basis and arguably violates FRBP 9011, Plaintiff's counsel has not provided evidence of the requisite notice and request for withdrawal of the allegations. Therefore, the Court declines to issue sanctions.

In addition, the Court declines to assess costs regarding the claims in the state court proceeding because the imposition of sanctions for matters in state court should be determined by the state court judge. There is no basis in bankruptcy law for the allegation that any of the pleadings or adjudications in this bankruptcy court have adjudicated any of the issues raised in the state court. This Court leaves it to the state court judge to determine whether Debtor or Debtor's counsel has engaged in sanctionable conduct in the state court.

Plaintiff's counsel also asks for damages for Debtor having listed the lawsuit and claims to property in the bankruptcy schedules. The Court is convinced that Debtor did so solely on counsel's advice, and counsel was Ms. Cronfel-Meurer. The Court reserves the issue of attorneys' fees and costs to a motion brought in the bankruptcy case against bankruptcy counsel.

---

[7] Bankruptcy Code § 1327.
[8] Admission by Debtor's counsel, transcript of hearing dated August 26, 2009, page 25 lines 9 through 12.

## III.     SUMMARY

Plaintiffs are entitled to judgment as a matter of law.  The Court has this date, by separate written document, issued final judgment.

SIGNED 11/17/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge